## FLEYTAS vs. PONTCHARTRAIN RAIL ROAD CO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

EASTERN DIS.
May, 1841.

FLEYTAS
vs.
PONTCHARTRAIN
RAIL ROAD CO,

18L 339
45 1203

18 339
109 49

This is a suit to recover from the defendants the value of a slave, killed by the engine while asleep on their rail road. *Held*, that where the accident may be attributed to the neglect or fault of both parties, the plaintiff cannot recover.

This is an action to render the defendants liable for the value of a slave killed while lying asleep on their road, by the engine running over him.

The testimony, in substance, showed that the negro had either become intoxicated or was by fatigue induced to lie down on the road and go to sleep. On the other hand, the engineer was unable or neglected to take up the engine in time to prevent running over him. The witnesses declared the engine was running at the usual speed, when the discovery of the negro was made, two minutes before coming up; and that she was not stopped in time. An engineer from a neighboring road testified that two minutes was time enough to take up; but he was not present. It was difficult to ascertain which party was most in fault, or guilty of the greatest neglect. There was a judgment, however, for the plaintiff, and the defendants appealed.

*Roselius*, for the plaintiff and appellee.

*Hoa & Eustis*, for the defendants.

*Martin, J.* delivered the opinion of the court,

The defendants are appellants from a judgment by which the plaintiff has recovered the sum of fifteen hundred dollars, the value of a slave, crushed by one of their locomotive engines, while he was lying across their rail road, asleep, intoxicated, or in a fit of epilepsy or other disease,

The testimony does not show that the engineer did not act with due care. He discovered the slave about two minutes before the catastrophe happened; and the chief engineer of

EASTERN DIS.
May, 1841.

FLEYTAS
vs.
PONTCHARTRAIN
RAIL ROAD-CO.

the Carrollton Rail Road has testified that in ordinary circumstances, a locomotive engine with a train of cars, such as were drawn at the time, may be taken up in half a minute. On the other hand, it is not shown that the slave labored under any disease; and therefore if he fell asleep on the road he was guilty of great neglect; and if he was disabled from taking care of himself by intoxication, his owner cannot expect compensation for him. See the case of Lesseps vs. Pontchartrain Rail Road Company, recently decided; 17 La. Rep., 361.

The defendants' witnesses were mostly persons who were passengers in the train, and had the best opportunity to give information as they were eye witnesses. Those of the plaintiff were not present, but some of them came soon afterwards. The testimony, in our opinion, preponderates in favor of the defendants.

This is a suit to recover from the defendants the value of a slave, killed by the engine while asleep on their rail road. *Held*, that where the accident may be attributed to the neglect or fault of both parties the plaintiff cannot recover.

In cases like the present, where the accident may be attributed to the fault or neglect of both parties, the plaintiff cannot recover. In the case of a collision between two vessels, *Lord Tenterden*, Chief Justice, says, in summing up the case to the jury, " the question is whether you think the accident was occasioned by want of care on the part of the crew of the Robert and Ann? (the defendant's vessel). If there was *want of care on both sides*, the plaintiffs *cannot maintain their action;* to enable them to do so, the action must be attributable *entirely* to the fault of the defendants." 1 Moody & Malkin, 169; or 22 English Common Law Reports, 280.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed; and that ours be for the defendants with costs in both courts.