(84 South. 787)

No. 23791.

RODER v. LEGENDRE et al.

(May 3, 1920. Rehearing Denied May 31, 1920.)

*(Syllabus by Editorial Staff.)*

1. Municipal corporations ⬡⟾705(10)—Plaintiff held contributorily negligent in crossing street without looking for approaching automobiles.

Plaintiff who attempted to cross street to take a street car on a dark and rainy night after having seen automobiles approaching at a distance of a block and a half, without looking for approaching automobiles after having left curb, was contributorily negligent.

2. Municipal corporations ⬡⟾705(1)—Test of whether automobile driver was negligent stated.

Whether driver of automobile which struck pedestrian was negligent depends on whether he did what a reasonably prudent man would have done under the circumstances, or omitted to do what a reasonably cautious man would have done.

3. Municipal corporations ⬡⟾705(2)—Respective rights of pedestrian and automobile driver at street intersection stated.

The rights of a pedestrian and an automobile driver at street intersection are equal and reciprocal, and each must use such caution and prudence as the situation demands.

4. Municipal corporations ⬡⟾705(11)—Pedestrian's negligence in crossing street without looking held proximate cause of her injuries.

Where plaintiff was struck by defendant's automobile after having attempted to cross street to take a street car with umbrella drawn over her head, on a dark and rainy night, without looking for approaching automobiles after having left the curb, though prior thereto she had seen automobiles approaching a block and a half away, she could not recover; her negligence in failing to look being the proximate cause of the injuries.

5. Municipal corporations ⬡⟾706(5)—Evidence held not to show that automobile driver could have avoided striking pedestrian.

In action for injuries to a pedestrian struck by defendant's automobile while attempting to cross street at street intersection to take street car on a dark and rainy night, evidence *held* insufficient to show that driver of automobile could have avoided the accident.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Mrs. Johanna Roder, widow of Henry Germann, against Mrs. Emile Legendre and another. Judgment of dismissal, and plaintiff appeals. Affirmed.

Callan, Blancand & Viosca, of New Orleans, for appellant.

James Legendre and Arthur A. Moreno, both of New Orleans, for appellees.

SOMMERVILLE, J. Plaintiff appeals from a judgment dismissing her demand in damages against defendants for personal injuries suffered by her on the evening of January 1, 1919, at about 7:30 o'clock, while it was raining, at the intersection of Canal street and Jefferson Davis parkway, by coming into collision with an automobile owned by Mrs. Legendre, and which was being operated by Folwell Legendre, her son, codefendants.

Plaintiff alleged that the automobile was being driven between 30 and 40 miles per hour; that the lights on the car were out, or were so dim they could not be seen; that the

brakes were out of order; that Mr. Legendre was not paying attention to his duties, and has since admitted that he did not observe petitioner cross the street; that the windshield of the car was wet with rain, which interfered with the vision of Mr. Legendre; and that he blew no horn and gave no signal at any time, and made no attempt to stop or turn his car until the moment the car struck petitioner.

Plaintiff did not attempt to prove any of the allegations made by her in her petition. She relied upon the testimony of the defendant Folwell Legendre and his witnesses to make out her case. Mrs. Legendre was not in the car at the time of the accident.

Plaintiff offered no evidence whatever as to the speed of the automobile. She and her witnesses did not see it; unless they saw it a square and a half or two squares away, and at a place of comparative safety, if plaintiff had been crossing the roadway at that time. Defendant and his witnesses, the four occupants of the car, testify that the car was not moving more than from 12 to 15 miles an hour, which is not speeding, and is not considered a dangerous rate of speed at the locality mentioned.

It would appear from the testimony of plaintiff that she, together with another woman, had stopped under a shed at the corner of Canal street and Jefferson Davis parkway for protection from the falling rain. She had an umbrella, which was raised to protect her from the wind and rain. She says that she looked out Canal street and saw one or more automobiles about a square and a half or two squares away; that she stepped out into the street for the purpose of taking an approaching Esplanade Belt car, and when she got to the middle of the street that defendants' automobile was upon her; and that "I wanted to get out of the way, and I just hollered; that's all I remember; I hollered."

And the plaintiff is similarly unfortunate with reference to the other allegations in her petition. Mr. Legendre's testimony is that the lights were burning brightly on his car; that the brakes were in good order and responded instantaneously to his application of them just before the accident; that he raised the windshield of the car partly for the purpose of seeing clearly, as the rain had dimmed the glass to a great extent; and that he was on the lookout all the time that he was operating the car. He admits that he blew no horn, because at the moment of the accident, and when he realized that there was about to be an accident, one hand was on the wheel and the other was engaged in applying the two brakes and the emergency brake, so as to stop the car in the least possible time; and that, in his opinion, it was more advisable to do this than to blow a horn, which would have served only to confuse and bring about trouble, and that he had not the time in which to blow the horn and stop the car. Two of the witnesses who testified on behalf of Mr. Legendre said that he (Mr. Legendre) hollered to the plaintiff and that she zigzagged before the car in her confusion.

[1] The testimony of plaintiff is very meager, and the testimony of Mr. Legendre is not as satisfactory as it might have been. We gather that the plaintiff was negligent in attempting to cross Canal street on a dark, rainy, night, when she saw automobiles a block and a half or two blocks in the distance, without again looking when she was ready to cross the street to take the street car. She says that she looked, but it is evident that she looked when she was under the shed at the corner, and that she did not look when she stepped into the roadway with an umbrella raised to protect her from the rain. She was so intent upon protecting herself from the rain and in reaching an approaching street car that she forgot the approach-

ing automobiles. She did not see the Legendre car until it was upon her, when she was thrown down by it. She must have received a glancing blow, and must have been thrown from under the wheels, for she had no fractured bones, and the automobile was not shown to have gone over her body. We conclude that plaintiff did not look out the street when she left the curbstone; that she was negligent and at fault in not having done so. And, if defendant can be considered to have been negligent and at fault, plaintiff cannot recover because of the concurring negligence on the part of both parties.

Plaintiff argues from the standpoint that Mr. Legendre has been guilty of a disregard of human life and limb which would place the case under the doctrine of the last clear chance. Indeed, counsel for plaintiff seem to argue that Mr. Legendre showed an absolute disregard for the right of others and for human life on the occasion referred to. They say on their brief:

"We venture to say that if this lady was capable of doing Mr. Legendre as much injury as Mr. Legendre was capable of doing her, he would have found a way of completely avoiding this collision, and would not have been satisfied with attempting merely to make his injuries as light as possible."

[2] The question of whether defendant was negligent is to be tested by whether Mr. Legendre did that which a reasonably prudent man would not have done under the circumstances, or omitted to do that which a reasonably cautious man would have done. The testimony indicates that Mr. Legendre is a man of education and standing in the community, and was careful in making statements while on the witness stand. His testimony is stamped with candor and liberality. It is open and free, without reservations or concealments. He was of mature years, and had been driving a car for six years. He was an experienced operator.

The evidence shows that the automobile was being operated within the law, and no negligence was shown either in the equipment or its operation up to the moment when the plaintiff appeared upon the street, intent upon the purpose of crossing the roadway.

[3, 4] The relative rights of pedestrians and drivers of automobiles have been frequently formulated and are frequently applied, and they have crystallized into the statement that their rights are equal and reciprocal, and that each must use such caution and prudence as the situation demands. And, having seen the automobile approaching at a distance, it was the duty of plaintiff to look again as she left the sidewalk, as prudence and caution would have dictated to have been done by the ordinary person. The fact that plaintiff did not look and avoid the accident was the proximate cause of the accident to her.

The locality of the accident is a familiar one, well known to all who traverse Canal street. The edge of the park is very brightly lighted at night, and if plaintiff had looked at the time defendant's automobile was crossing the parkway it would have been impossible for her to have missed seeing it, and, seeing it, she would have avoided the accident. But, she did not see it because she did not look.

The roadway of Canal Street at the intersection indicated is 35 feet in width, and if the car was in the middle of the road, as was testified to, plaintiff had only about 15 or 16 feet to travel before she was in front of the forward end of the car; and defendant Legendre testified that he saw plaintiff as she stepped from the sidewalk, while he was 40 feet distant. But he admitted on the witness stand that he was a poor judge of distances, and his testimony shows him to have been. Ensign Comford, who was in the car with Mr. Legendre, said that the car was only 15 or 20 feet distant at that time. With this uncertainty in the evidence as to

the distances traveled by plaintiff and the automobile at this most critical time, it would be unsafe for the court to undertake a mathematical demonstration to show what was done, or what might, could, or should have been done, and base a judgment thereon. Legendre thought that the roadway in Canal street was 40 or 50 feet wide, whereas it is only 35 feet wide. And he testified that when he was in the middle of Jefferson Davis parkway he saw plaintiff under the shed at the corner, from 150 to 240 feet distant. He was very poor in estimating of distances, for the width of the parkway, from property line to property line, is only 267 feet, and one-half of that distance would be only 133 feet 6 inches.

[5] It cannot be expected that defendant, seeing plaintiff and another woman under the shed at the corner, which shed extended less than one-half the width of the sidewalk, which is 25 feet, would assume that one or both of them intended to take a street car, when he saw no street car in either direction. It was only when he saw plaintiff leave the sidewalk with her umbrella drawn over her head that he realized there was danger, as he was only 15 or 20 feet distant, going at the rate of 12 to 15 miles an hour, on a down grade, over a slippery pavement. He testified at that time that he had his engine under control and that he did all he could to avoid the accident. He adopted the means best suited, in his opinion, to avoid the accident. He put on the emergency brake keeping the other hand on the wheel, and stopped the car within a few feet after it had struck plaintiff. If defendant had been guilty of negligence for failing to blow his horn that could only be considered as an error of judgment at most, but, if not so considered, the negligence of both parties was concurrent at the time of the accident, and plaintiff cannot recover damages on account thereof. But we are constrained to hold that the ac-

cident was unavoidable on the part of defendant, and that the judgment appealed from should be affirmed.

Plaintiff argues that she should recover damages under the doctrine of the last clear chance. But there is no place for the application of that doctrine here. There is no evidence whatever going to show defendant was guilty of a willful act of negligence, or that he was wanton in his disregard of the life and safety of plaintiff. And there is no evidence going to show that defendant had it in his power, or should have had it in his power, to have prevented the accident to Mrs. Germann, after he discovered the danger of her position.

The judgment appealed from is affirmed.

O'NIELL, J., concurs in the decree.