'(100 South. 417)

No. 24669.

## SHELLEY v. WAGUESPACK.

(May 5, 1924.)

*(Syllabus by Editorial Staff.)*

Municipal corporations ⬅➡706(5)—Finding of unavoidable accident to pedestrian struck by automobile sustained.

Where plaintiff, alighting from street car, walked behind it, stopped between tracks, suddenly started for the curb, and was struck by defendant's automobile, evidence *held* to support a finding that accident was unavoidable, and that plaintiff failed to look for approaching car.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Mrs. Norma Shelley, widow of Gustave Lee, against F. Poche Waguespack. Judgment for defendant, and plaintiff appeals. Affirmed.

Sam'l Wolf, of New Orleans (F. F. Teissier, of New Orleans, of counsel), for appellant.

John May and W. J. & H. W. Waguespack, all of New Orleans, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

THOMPSON, J.   This is an action for damages for personal injuries received by the plaintiff from an automobile operated by the defendant.

The collision happened at a public crossing where Jena street intersects Prytania street in this city. The last-named street is traversed by two tracks of the city electric railway. The uptown track is on the wood side, and the downtown track is on the river side of said street. The space between the two tracks is some four or five feet in width and about nine feet from the downtown track to the curb, and which last-mentioned space is used for vehicular traffic.

The plaintiff was on her way to attend a funeral service at a residence on the corner of Jena and Prytania streets. She got on the Prytania street car at Jackson avenue, and left said car at the uptown corner opposite the intersection of Jena street. She walked behind the street car, and stood in the space between the two tracks for a moment, and then proceeded to cross the river side of Prytania street to the residence where the funeral services were to be held, when she was struck by the automobile.

The particular negligence charged against the defendant may be summed up as follows: That the automobile was driven in a careless and reckless manner and at an excessive rate of speed; that the driver did not have the car under such control when petitioner emerged from behind the street car as to stop said automobile in time to avoid striking petitioner; that the horn of said automobile was not blown to give warning of the approach of said automobile; and that the steering gear and other appliances were defective.

The plea of defendant in avoidance is that the automobile was handled in a prudent and cautious manner and at a moderate rate of speed; that the steering gear and other appliances of the car were in good order; and that defendant was not guilty of any negligence in operating the said car; that any injuries suffered by the plaintiff were the result of her own gross carelessness in attempting to pass from the position of safety, where she was standing, and from which she saw or should have seen the approaching automobile, to the river side of the street and directly in front of the automobile at a point where it was impossible to stop the car in time to avoid striking her.

The trial judge rejected the plaintiff's demand, and she has appealed.

The plaintiff testified that she got off the street car at Jena and Prytania streets, and walked past the back of the car, and looked up and saw a car coming, and that she had got over the track, and, just as she got over, the automobile hit her so quick that she fell; that is all she remembered—that it was done so quickly.

In answer to questions she further stated that she was almost past the second track between the neutral ground and the curbing, and was hit in the neutral ground between the track and the curbing; that when the car hit her it drove her up to the corner, and that her head hit up against another automobile; that she looked before starting across, and saw no car approaching, and heard no alarm whatever. On cross-examination she said that when she passed from behind the street car she stopped between the two tracks long enough to look

156 LA.—9

and to see if she was in safety; that she did look, and saw no car approaching; that she could see up the street as far as the next corner; and that there were no obstructions.

August Casper, a carriage driver, was in a hearse parked in front of the residence on Prytania street, facing downtown. He testified that the plaintiff got off the street car, and going around the car she stopped at the back end of the car and looked up the street and then started over the street; that he was looking down the street, and he heard the roaring of an automobile, and looked around, and saw the automobile coming; that they were trying to stop, and the lady was right in front of the automobile where it was about to stop, but that it skidded, and when it skidded the right fender pushed the lady over, and she fell on her knees. In another place in his testimony he said that the plaintiff stopped at the rear end of the car before she crossed, and looked up the street, and then started over, and, just as she was between the two tracks in going over, witness heard an automobile coming, and looked around and saw the lady in the center of the river side track. The machine was coming down and about to stop, and that whoever was driving the machine stopped, but the machine skidded, and struck the lady with the fender. When this witness first saw the automobile it was 30 or 40 feet away, and was moving at about 15 miles an hour.

The foregoing is about the substance of the testimony of the plaintiff and the witness Casper, who are the witnesses principally relied on by the plaintiff to make out her case against the defendant.

The defendant testified that he was going down Prytania street, and his wife was on the seat beside him; that as he approached Jena street he remarked to his wife that it was Max Sampson's funeral; that he commenced blowing the horn as there were quite a number of cars lined up along the river side of the street; that his wife asked him not to blow the horn as it would disturb the people at the funeral; that they were then about 75 feet from Jena street, when a Prytania car going uptown stopped, and three people got out, two gentlemen and a lady; that the two men came back of the street car and crossed in front of him, but the lady stopped in between the two tracks, and she appeared to be looking towards the machine —as they were coming; that it appeared to him that she was going to stand there and let them pass; that he was going about 12 miles an hour, and just as he got within 8 or 10 feet from the lady she suddenly jumped right in front of the car. He said he did not know whether the car struck her or that she tripped and fell; that he stopped the machine right there at the time, and got out and helped to pick her up.

Mrs. Waguespack testified that they were going downtown at about 18 or 20 miles about the block before; that they noticed there was a funeral, and as they approached Mr. Waguespack slowed down and kept blowing and blowing the horn until she told him to please have some respect, that there was a funeral; that when they got about a few feet from the corner they saw the street car stop, and then she saw a lady standing there at the corner, and she was looking at them; that she thought the lady was going to let them pass, but that she jumped right in front of the car as they were crossing, and she fell. She did not know whether the car hit her or not; that Mr. Waguespack got out of the car and went to see what was the matter with the lady.

It is apparent from the foregoing statement of the testimony that there can be no liability attached to the defendant. The accident on the defendant's part was unavoidable.

If the plaintiff looked up the street when she stopped between the two tracks, as she says she did, she was bound to have seen

the automobile approaching. The locking of the wheels, the skidding of the automobile, and its being brought to a dead stop about the time it struck the plaintiff, or as it pushed her down, as stated by plaintiff's witness Casper, is conclusive of the fact that plaintiff's appearance on the street was sudden, and that the defendant was presented with a suitation of extreme emergency. The conclusion is inevitable that the plaintiff went upon the street without looking, and so close to the defendant's car that it was humanly impossible to bring the car to a stop without striking her.

The prompt action of the defendant in locking his wheels and bringing his car to a dead stop so quickly no doubt saved the plaintiff from a much more serious injury. And this fact serves to show that the defendant had his car under complete control, and that the steering gear and brakes were in perfect order. There was no occasion for the defendant to stop his car before he was confronted with the emergency. He saw the plaintiff standing motionless in a place of perfect safety with no indication that she intended to go upon the street. He had every reason to believe that the plaintiff saw his car approaching, and he had the right to assume that she would retain her place of safety until his car had passed the crossing.

There is no room for the application of the principle of last clear chance. We have seen that the defendant, after being suddenly confronted with the danger of running into the plaintiff, a danger which he did not and could not foresee, did all that was in his power to avert the collision, and all but succeeded.

While a person driving an automobile is required to exercise the greatest caution and prudence when passing street crossings used by pedestrians, a like duty devolves upon a pedestrian; and where, in a case like the present one, the pedestrian attempts to ef-

fect a crossing without exercising his senses of sight and hearing, and is run into by an automobile, whose driver is without fault, and who had no reason to anticipate the presence of the pedestrian in the street, no liability can possibly attach to the driver of the automobile.

The judgment appealed from is affirmed.