### No. 3328

### Second Circuit

### HARRISON v. CARLISLE ET UX

(November 8, 1928. Opinion and Decree.)
(December 19, 1928. Rehearing Refused.)
(January 28, 1929. Writ of Certiorari and Review denied by Supreme Court.)

John G. Gibbs; Vernis Morgan, of Shreveport, attorneys for plaintiff, appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendants, appellees.

WEBB, J. The plaintiff, Mrs. Emma Harrison, brought this action against the defendants, Dr. E. A. Carlisle and his wife, Mrs. E. A. Carlisle, to recover damages for personal injuries resulting from plaintiff having been struck by an automobile driven by Mrs. Carlisle, and recovered judgment against Mrs. E. A. Carlisle, her demands being rejected as to Dr. E. A. Carlisle, from which judgment plaintiff appeals, urging that the amount of the judgment be increased, and that judgment should be rendered against Dr. Carlisle, to which defendant, Mrs. Carlisle, answered, urging that the judgment against her should be reversed and plaintiff's demands rejected.

The accident occurred in the day-time at the intersection of Louisiana and Texas Streets, which intersect at right angles; Louisiana Street running north and south and Texas Street east and west. The automobile driven by Mrs. Carlisle entered the intersection from the north on Louisiana Street, and the collision occurred on the cross-walk on the south of the intersection, over which Mrs. Harrison was walking, at a point shown by the evidence to have been approximately ten or twelve feet from the curb at the southwest corner of the intersection.

Defendants denied plaintiff's allegations, and alleged that the car driven by Mrs. Carlisle had entered the intersection on the green light and had reached the center of Texas Street when the caution signal came on and that she continued to drive over the intersection in a careful manner, and had cleared the intersection, with the exception of the sidewalk on the south, when the plaintiff, while the caution signal was still displayed, stepped from the curb at the southwest corner of the intersection onto the cross walk and thence in the path of the automobile and in such close proximity thereto that it was impossible for Mrs. Carlisle to avoid the collision.

The uncontradicted testimony of several witnesses established that the automobile driven by Mrs. Carlisle entered the intersection on the green light and that it had reached a point about the center of Texas Street, the roadway of which is forty-eight feet in width, when the caution signal came on, and there is not any evidence showing that the speed at which the car was driven, twelve or fifteen miles per hour, was illegal, and the testimony of the witnesses is conflicting as to whether Mrs. Harrison entered the intersection from the southeast or southwest corner, and whether on the green or yellow light. We find that the preponderance of the evidence establishes that she entered the intersection from the curb at the southwest corner and while the caution signal was displayed.

There were five persons, including Mrs. Carlisle, who testified that Mrs. Harrison entered the intersection from the curb at the southwest corner, while two persons, including Mrs. Harrison, stated that she entered the intersection from the curb at the southeast corner, and the number of witnesses testifying as to whether Mrs. Harrison entered the intersection on the green or yellow light is equally divided.

There was at the intersection an automobile semaphore by which the traffic was regulated on the display of signals, the "stop", "go", and "caution" signals being given by the display of red, green, and amber lights, respectively, and with reference to which an ordinance of the city of Shreveport provides:

"That when a red light is displayed at any intersection, vehicles on the streets along which, and on to which it is displayed, shall stop before entering the street intersection, and before passing the property line at such intersection and before entering the cross walk, and pedestrians shall stop on sidewalk or curb before entering the driveway or entering the cross walk leading from one curb to the opposite curb.

*  *  *

"That when a green light is displayed at a street intersection, traffic shall move forward into the intersection and on the street along which the green light is displayed. Traffic as here used shall include both vehicles and pedestrians.

*  *  *

"That upon the display of an amber or yellow light at any street intersection, all pedestrians and vehicles approaching the intersection shall stop before entering the intersection and remain at attention until the yellow light ceases to be displayed, and vehicles shall stop back of the property line and pedestrians shall stop on the curb or sidewalk, but those vehicles which are within the intersection at the time the yellow light is first displayed, shall continue to leave the intersection as though the green light were still on. Pedestrians who have left the curb and sidewalk at the time the yellow light is first displayed shall proceed as though the green light were on and leave the intersection at once. The bell is rung at the same time the amber or yellow light is displayed and has the same significance as the yellow light."

Plaintiff alleged, in substance, that Mrs. Carlisle had driven her automobile into the intersection when the red light was displayed, and that she was driving at an ex-

cessive rate of speed, and without having the car under control, and that plaintiff, who had entered the intersection on the cross walk from the southeast corner, on the green light, was struck by the automobile while she was walking across the intersection.

But accepting the uncontradicted testimony showing the position of the automobile at the time the caution signal was displayed as correct, and the fact, as established by the evidence, that the caution signal was displayed for five seconds, it appears certain that the collision occurred while the caution signal was displayed, and considering the point where the collision concededly occurred, or ten or twelve feet from the curb at the southwest corner of the intersection, we think they support the version of the defendants, showing that Mrs. Harrison entered the intersection on the caution signal from the southwest corner, thus placing herself in the path of the automobile, and considering that Mrs. Carlisle had driven into the intersection on the proper signal and had the right to proceed and clear the intersection, and that the evidence does not show that she was driving at an illegal rate of speed, we are of the opinion that the plaintiff failed to establish any negligence on the part of Mrs. Carlisle.

Aside, however, from this, the evidence establishes that Mrs. Harrison was not paying any attention whatever to the vehicular traffic, and was clearly guilty of negligence in this respect as well as in attempting to cross on the caution light and we are of the opinion that the plaintiff's negligence was the proximate cause of her injuries (Collins vs. Varino, 153 La. 636, 96 So. 500; Roder vs. Legendre, 147 La. 295, 84 So. 787).

The judgment appealed from is therefore annulled, avoided and reversed, and it is now ordered that plaintiff's demand be rejected at her cost.