SCHATZ v. KEHOE

(December 1, 1930. Opinion and Decree.)

Lazarus, Weil &. Lazarus, of New Orleans, attorneys for plaintiff, appellee.

Harry E. McEnerny, Jr., and John D. Miller, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff received injuries as the result of being struck at the corner of St. Charles avenue and Broadway, by an automobile driven by defendant, on a very dark, rainy night in January, 1929, when, accompanied by a brother and preceded by a sister, she attempted to cross St. Charles avenue from the lower river corner to the lower lake corner. She was struck while in the riverside driveway of St. Charles avenue before she reached the neutral ground.

There was the usual traffic signal on that corner. The traffic ordinance controlling vehicular and pedestrian traffic, and regulating the operation of such traffic signals, and requiring traffic to be governed thereby, does not seem to have been properly introduced in evidence, and the question of how far we could go in taking into consideration such ordinance would present a serious problem, were it not for the fact that counsel concede that, where there is such a traffic signal, it is negligence for a pedestrian or for an automobile to proceed in the face of a red light.

It is charged that defendant was negligent in three particulars.

One, that he either started his car across Broadway while the red light was shining, or that he failed to allow time, for the pedestrians already crossing the street ahead of him, to complete the crossing.

Two, that he did not have his car under such control as was necessary in view of the condition of the weather and of the street.

Three, that he was not keeping a proper lookout for pedestrians crossing the street in front of him.

These charges of negligence are denied by defendant, who avers that the cause of the accident was the negligence of plaintiff herself, in starting into the street without looking to see if anything was approaching, and particularly in doing so when the traffic signal, as viewed from her direction, shone red.

Plaintiff maintains that when she stepped into the street the light facing her was green, and that she was thus justified in proceeding, and that, if it changed to red immediately thereafter, it was the duty of defendant to allow her sufficient time to complete the crossing.

The judge a quo found for plaintiff, and it is contended that the usual rule that the trial judge should not be reversed on a question of fact unless clearly erroneous is applicable.

We are, however, confronted with a most unusual situation, in that in another suit against the same defendant and in which

the plaintiff's brother, the principal witness for plaintiff here, was himself plaintiff, a district judge, of another division of the civil district court, rendered a judgment exonerating defendant.

It is true that that other case is not now before us, but it is conceded that the evidence in the two cases is substantially the same, and we cannot but feel that in such a situation the finding of the other district judge on this disputed question of fact should be taken into consideration.

Furthermore, the written opinions rendered by the two district judges, one in the other case and one in this case, show that on one most important question of fact they seem to agree. As we read the reasons for judgment in both cases, both judges apparently found that, when the defendant's automobile started to cross Broadway, the traffic light shone green in the direction from which the defendant was coming. It is true that in the written opinion in this case the district judge does not state that he so found, but he does say: "In my opinion, if the defendant had exercised due caution despite the lights, there would have been no accident." We cannot interpret this statement in any other way than as a finding that the light permitted defendant to proceed, but that there was, nevertheless, an opportunity for him to avoid striking the plaintiff had he exercised proper care.

The record convinces us that the finding of fact to the effect that the light shone green towards defendant's automobile was correct. Unless, then, it appears that in spite of this he could have avoided striking plaintiff, there can be no recovery.

Plaintiff and her brother both admitted that they did not see the automobile approaching. Since it had its lights burning, and since, therefore, they must have seen it had they looked, it necessarily follows that they did not look. Not to look is negligence unless the pedestrian is relieved of the obligation to look by the fact that a traffic light gives him the right to cross without fear.

In considering whether it is probable that plaintiff and her brother looked at the traffic signal before starting to cross the street, it is important to remember that there was a heavy rain falling, and that the purpose of the pedestrians in crossing the street was to seek shelter from that downpour. It is reasonable to suppose that pedestrians in such a situation were hurrying as much as was reasonably possible, and that, thus, they may have failed to look at the traffic light.

Shortly after the accident, when plaintiff's brother, who is now her principal witness, was being interviewed by a police officer, he made certain statements which showed that at that time, when the matter was fresh in his mind, he realized that he had not looked at the light at all, though, on the witness stand, he denied that he failed to look, claiming that he looked carefully and saw, not only the green light facing him, but also the red light facing in the other direction. He also claimed that his statement made shortly after the accident, and to which we have referred, resulted from his pain and excitement and was not correct. It appears to us that

statements made under the circumstances surrounding that which he admits are more apt to represent the truth than are those contrary self-serving statements made months afterwards.

It is not probable that, if the pedestrians had entered the street when the light was green, they could have been struck by the automobile which we and the two district judges are convinced did not start until after the light had changed, because they had only a few feet to traverse, and surely they were hurrying all they could, whereas the automobile had to entirely cross Broadway, one of the widest double streets in New Orleans.

Of course, even though the green light gave to defendant the right to enter the intersection, it did not give him the right to cross without permitting pedestrians already on the roadway ahead of him time to complete their crossing. Crews v. Coogan, 7 La. App. 692; Harrison v. Loyocano, 12 La. App. 228, 125 So. 140. However, since defendant was justified in commencing to traverse the street, he cannot be charged with negligence unless it appears that a reasonable prudent driver could have seen and avoided the pedestrians and we are convinced that, because of the darkness of the night and because of the rain and the dark clothing and the black umbrella over their heads, this was impossible.

The judgment appealed from is annulled, avoided, and reversed, and there is now judgment dismissing plaintiff's suit at her cost.