## PREAUS v. WESTERN UNION TELE-GRAPH CO., Inc.*

### No. 4561.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1934.

Redmond & Thompson, of Monroe, for appellant.

Hudson, Potts & Bernstein, of Monroe, for appellee.

TALIAFERRO, Judge.

Plaintiff was injured by one of defendant's messenger boys, on a bicycle, running into her and knocking her to the pavement as she attempted to cross De Siard street, from north to south, at the intersection of that street with Grand street, in the city of Monroe, La. At this intersection, suspended above the pavement about 15 feet, there is a traffic signal light which regulates traffic at that very busy crossing. De Siard street runs east and west; Grand street runs north and south. A red light stops traffic facing it; the green light is the signal to "go"; and between these two lights an amber or yellow light is displayed for about six seconds, dur-

*Rehearing denied February 5, 1934.

ing which time traffic from no direction has the right to enter the intersection, and traffic in the intersection, when the caution light comes on, has the right to clear it before traffic, facing the green light, has the right to enter.

Plaintiff alleges that she had crossed from the east side of Grand street to the west side and had stopped at the corner awaiting the return of the green light which would warrant her in stepping into De Siard street and proceeding south, as she desired; that when the light showed green, she undertook to cross De Siard street and had gone six or eight feet from the sidewalk, when she was run into by the boy on the bicycle. Negligence on the part of this boy is alleged, specifically, in that he entered the intersection in the face of a red or stop light in violation of the law, and that he could have avoided the collision by driving his wheel between her and the curb to her rear.

Defendant denies generally all the allegations of fact relied on and alleged by plaintiff to recover the damages sued for. Negligence on part of its employee is specially denied; it being alleged that as the boy was proceeding westerly on the north side of De Siard street, he entered the intersection when the light showed green, and before he had cleared the intersection the signal light bell rang, giving notice that the light was going to change from green to yellow for caution, and at this juncture plaintiff started to cross the street, stepping from the safety of the sidewalk without looking, or else deliberately, in an attempt to beat across the street ahead of the messenger boy; that notwithstanding every effort on his part to avoid the accident, it was, on account of plaintiff's negligent acts, unavoidable. Defendant specially avers that plaintiff's own negligence and her failure to observe the traffic laws were the proximate causes of the accident and resultant injury to her. Contributory negligence on her part is especially pleaded and urged.

There were two trials of the case, with the same result. A new trial was granted on application of defendant. There was judgment for plaintiff for $500, from which judgment defendant has appealed.

This case involves questions of fact only. Plaintiff's version of the material facts that transpired immediately prior to and at the moment of the accident is in the main contradicted by four eyewitnesses, besides the messenger boy. Her own testimony does not entirely free her from negligence in attempting to cross the street when she did. In the beginning of her evidence, when asked about the condition of the traffic light when she started across the street, she replied:

"A. Well, I tell you, I stood on the corner there waiting for the green light and there was a car coming from the west side, Chrysler Sedan. I kept thinking they were going to run the change on the light and I stood with my eyes on the car watching until they got stopped. As soon as they made their stop—just before they made their stop I glanced north knowing they had the same right-of-way—I glanced north and also south, and this car made a stop and as soon as it made a stop I stepped off the curb, and two and a half or three yards from the curb on the north he struck me * * *."

She further states that she looked up at the traffic light before stepping from the sidewalk, and amplifies her answer by saying, "I waited until that car made a stop." She referred to the car in front of her, going east, which had stopped when the signal light toward the west changed to amber and then to green. She seems to have governed her actions more from the movements of the car in front (south) of her than from the street light, although later on in her testimony she says the light on her side showed green before she left the sidewalk. She also says that before attempting to cross the street, she looked north and south for traffic. She admits she did not look directly to the east, the direction from whence the boy came, and therefore did not see him until she was struck. She explains that the reason she did not see the boy on the wheel was because he came from behind some cars. The evidence does not disclose that any cars were then passing on Grand street. Several witnesses near plaintiff saw the boy when he entered the intersection. They were in no better position to see him than was plaintiff. She says she did not hear the traffic signal bell ring, but admits it does ring immediately before the lights change.

Two young ladies, students of the Ouachita Parish Junior College, occupied the second car from the intersection, on De Siard street, and saw the accident. They were not over thirty feet from it. Their testimony is in accord on all material facts. They say that the messenger boy entered the intersection on the green light, and immediately the bell began to ring, and at this instant plaintiff stepped from the sidewalk and was only three feet therefrom when run into; that the boy endeavored to avert the collision, but was too close to plaintiff to do so.

A man by the name of Sawyer says he was standing near plaintiff when she started across the street. His testimony corroborates that of the two college girls as to the bell ringing and the lights changing while the boy was coming across the intersection. He says, however, that plaintiff was only four or five feet from the boy when she stepped from the sidewalk in front of him.

Mrs. Sida Walker, who has lived in Monroe, La., for ten years, was in the third car from the intersection, west side, when the accident happened and saw it. She states that

the brakes of her car were being applied when the accident occurred. She saw the boy coming across the intersection on a green light, and saw plaintiff step into the street in front of him; that she was not looking.

Samuel McDonald, the messenger boy, says the traffic light turned from green to yellow while he was in the intersection; that he was going at the usual moderate rate necessary when traveling through street traffic; that he saw plaintiff as she stepped off of the sidewalk in front of him, but not in time to stop, he being only a few feet from her; that he put his brakes on in an effort to stop; that plaintiff was two and one-half or three feet from the sidewalk when injured.

All the witnesses agree that the boy was not driving his bicycle at a rapid rate of speed. Defendant's office is on the corner south of where the accident occurred. It is but natural the boy was reducing his speed when crossing the intersection, as he had only a short distance to go to reach his headquarters.

■ Plaintiff is mistaken in stating that the traffic light facing north was on green when she attempted to cross the street. She faced the light at an angle, while on the street corner, and its west side was about as nearly in front of her as was the north side. It is not impossible that her attention was involuntarily attracted to the light when the bell commenced to ring, and she, at a glance, observed the green or amber light facing west, and acted without further delay or looking, being to some extent governed by the stopping of the car in front of her. Under the circumstances, she should have carefully observed traffic conditions throughout the intersection before trying to cross the street. She admits she did not do this. If she had done so, she would have seen the boy on the wheel approaching from the east.

■ Even if plaintiff is correct in saying the north light showed green, authorizing north and south bound traffic to move, she was unmindful of the right of persons already in the intersection to clear it. One who enters an intersection on a green or "go" light has the right to proceed across it in the face of a red light that bars travel in the direction he is going. Pedestrians should keep this in mind and govern their actions accordingly before attempting to cross a street.

■ Our brother of the lower court, in written reasons for judgment, states that he accepted plaintiff's version of the accident as true, and he rejected the testimony of the five witnesses for defendant, because she was in a better position to know the facts than any one else. We believe plaintiff honest in her testimony that the accident happened as she says it did, but we cannot conceive that the other witnesses, wholly disinterested, could be mistaken in their testimony. They all were in a position to see and hear what they say they did see and hear, and it would be a most arbitrary ruling to discard their evidence and base judgment solely upon that of plaintiff, who has a material interest in the outcome of the case.

■■ Defendant's messenger boy carried the duty of avoiding the collision with plaintiff, though she negligently entered the street, and if he had had the last clear chance to do so, and failed to avail himself of it, we would hold defendant responsible for the injuries to plaintiff; but the evidence convinces us that the boy was too close to plaintiff, when she stepped into the street, to avoid colliding with her. Schatz v. Kehoe, 15 La. App. 9, 131 So. 66.

The case of Harrison v. Carlisle et ux., 9 La. App. 517, 121 So. 216, involves principles present in the case at bar, the syllabus of which is as follows:

"One who drives into an intersection with the green light in her favor has a right to proceed although it changes to caution before she completes the crossing.

"One who as a pedestrian crosses a busy city street while the caution light was being displayed is guilty of negligence if she does not pay any attention whatever to the vehicular traffic, *such negligence being the proximate cause of her injuries*."

Roder v. Legendre, 147 La. 295, 84 So. 787, involves the same principles, as does also Shelley v. Waguespack, 156 La. 256, 100 So. 417.

■ We are clear in the opinion that plaintiff's own negligence in not closely observing traffic conditions in the intersection when she attempted to cross the street was the proximate cause of the collision and her injury.

The judgment of the lower court is reversed and set aside; and plaintiff's suit is dismissed, at her cost.