ELLIS, Judge.
This is a suit for damages to an automobile owned by the plaintiff and driven by his son as a result of a collision with the automobile of the defendant at the intersection of Montgomery and Columbia Streets in the City of Bogalusa at approximately 8 P.M. on a rainy night on the 2nd day of August, 1951.
Plaintiff alleged that his son was driving his automobile in a southerly direction on Montgomery Street in the City of Boga-lusa following the automobile being driven by E. R. Roberts, defendant’s insured, and that although he was driving at a slow and cautious rate of speed, keeping a reasonable distance- and a proper lookout, that the said E. R. Roberts, suddenly and without any warning, stopped his automobile without any cause or necessity and that as a result of the gross negligence of said Roberts plaintiff’s son ran into the rear end of Roberts’ automobile.
Defendant’s answer was a general and specific denial of any negligence on the part of Rober.ts and in the alternative a plea of contributory negligence on the part of the plaintiff’s son in failing to keep a proper lookout and in failing to keep his car under such control as to be able to ayoid the accident, and in running into the rear of the automobile.
The case was duly tried and resulted in a judgment in favor of the defendant, dismissing plaintiff’s suit at his cost, and the plaintiff has, therefore, appealed devolu-tively to this Court.
It is shown by the record that Columbia Street, which is the main street through the business district of Bogalusa, terminates on the north with the Columbia Street Bridge, and then at that point runs into Richmond Street on the right and Montgomery Street on the left. Between Richmond and Montgomery. Streets is a plot of ground with a small building denoted on a map as “One Stop.” At the north end and in the center of the Columbia Street Bridge is a signal light which the testimony reveals is supposed to control all traffic except that traveling south on Montgomery Street and onto the Columbia Street Bridge, which is ‘identically the way the Roberts automobile was being driven on the night of the accident. It is further shown, however, that there is nothing to indicate that one traveling south on Montgomery Street onto the Columbia Street Bridge was not to honor the red light by coming to a stop. It is shown that as Roberts approached the Columbia Street Bridge and when within about 50 feet, the signal light changed from green, to red and he slowed down and, according to his testimony, had come to a complete stop when struck by the driver of plaintiff’s car. It is further shown that he, Roberts, was practically a stranger in the City of Boga-lusa and did not know that traffic was not supposed to stop on a red signal at this point.
According to the testimony of the driver of the plaintiff’s automobile, he was following the Roberts car at a distance, of approximately 30 feet, and he testified that he knew that.the signal light was not supposed to control traffic going in the direction in which.he and Roberts were traveling on Montgomery Street, and that Roberts, without any warning, viz., a hand signal, came to a sudden stop when the light flashed from green to red. Roberts testified that he did give a hand signal, however, in our opinion it is immaterial to a *882 decision in this case, in view of the fact that both parties saw- the signal light.
The plaintiff relies chiefly upon the doctrine enunciated in the case of Hill v. Knight, La.App., 163 So. 727, 729, in which the Court said:
“We recognize and approve the rule of law that a following driver should drive at such a speed and maintain such an interval that he can avoid collision with the leading car, under circumstances which should reasonably be. anticipated by him. We do not think the established facts in the instant case called for any anticipation on the part of plaintiff of the gross negligence of defendant’s driver in abruptly stopping his truck, without any signal or conduct suggesting such action or .any apparent circumstance • calling for it.”
The facts in Hill v. Knight, supra, were entirely different from the facts in the present case. In the Hill case the operator of the motor vehicle saw a friend on the sidewalk and stopped abruptly without any signal, while in the present case Roberts was faced with a large signal light right in the center of the street at the end of the Columbia Street Bridge which flashed from green to red, and there was absolutely nothing to indicate that traffic traveling as Roberts was traveling was not supposed to honor the stop and go signal of this light. Roberts acted as any other driver should have done under the facts and circumstances of the case when faced with a red light. There is no testimdny except that of the plaintiff’s son that he came to such a sudden stop and without any warning that the plaintiff’s son was unable to avoid striking the rear of his car.
The testimony convinces us that the driver of plaintiff’s car was depending upon Roberts knowing that he was not supposed to stop for this signal light and he presumed that Roberts would continue, although the light turned to red, for he testified that he did not notice the tail-lights of Roberts’ car which were apparently in first-class condition and burning, nor did he notice him slowing down to come to a stop. The driver of plaintiff’s car testified that he saw the light change to red when he was some distance away and yet he did not see the defendant slow down and stop.
The cases relied upon by the plaintiff do not convict Roberts of negligence under the facts in this case. We agree with the argument advanced by the counsel for the defendant that the conditions in this case did not require a hand signal to be given. “It was raining; there was a stop and go light at the corner; the intersection was a heavily traveled one and very hazardous.” The driver of plaintiff’s car had no right to presume that the Roberts car might not stop as it had a perfect right to make a left turn into Richmond Street, or that at least the Roberts car would slow down for the curve from Montgomery Street onto the Columbia Street Bridge.
The defendant contends that the actions of Roberts in bringing his car to a stop on a red signal light meets the test laid down by the Court in Bechtold v. Commercial Standard Insurance Company, La. App., 31 So.2d 894, 897, and frees him of negligence. In that case it was stated:
“In the absence of conditions at an intersection * * * that would indicate or suggest to a motorist the need, out of an abundance of caution, to stop his vehicle or reduce its speed to a rate at which it could be instantly stopped, he is not required to take such action. In such circumstances the test, as said in Roder v. Legendre, 147 La. 295, 299, 84 So. 787, 789, is: ‘The question of whether defendant was negligent is to be tested by whether [he] did that which a reasonably prudent man would not have done under the circumstances, of omitted to do that which a reasonably cautious man would have done.’ ”
There can only be one answer to the question and that is that Roberts did what any other reasonable, prudent man would have done under the circumstances and certainly what a reasonably cautious man would have done. He was not guilty of any negligence whatsoever.
*883 It is therefore unnecessary to discuss the contributory negligence of the plaintiff’s son.
For the above reasons, the judgment of the District Court is affirmed.