(81 South. 313)

No. 22626.

FOLWELL v. DEMACK MOTOR CAR CO. et al.

(March 5, 1919. Rehearing Denied March 31, 1919.)

*(Syllabus by Editorial Staff.)*

MUNICIPAL CORPORATIONS ⬤⟝705(10)—AUTOMOBILE ACCIDENT — CONTRIBUTORY NEGLIGENCE IN CROSSING STREET.

Where an aged female pedestrian, starting to cross a street, saw an autombile approaching, but thought she could get across in time, and continued on, so that the car struck her a glancing blow as the driver turned to the right and ran on the sidewalk to avoid her, the pedestrian, on account of her own negligence, cannot recover, even if the speed of the car was negligent.

O'Niell, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Widow Joseph F. Folwell against the Demack Motor Car Company and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Woodville & Woodville and James Legendre, all of New Orleans, for appellant.

L. A. Morphy, of New Orleans, for appellee Demack.

J. C. Henriques, of New Orleans, for appellee Demack Motor Car Co.

PROVOSTY, J. Plaintiff, a lady 70 years old, was struck and knocked down by an automobile as she was walking across the woods side roadway of St. Charles avenue, from the neutral ground to the woods side sidewalk, at the intersection of Walnut street. It was after dark, but light enough from the street lamps for plaintiff to be seen by the occupants of the automobile, and she was in fact seen by them before she had left the neutral ground. The automobile's lamps were burning properly. The roadway is asphalted, and 23 feet 6 inches wide.

Plaintiff says that when she started to cross she looked down the street, and saw the automobile coming, but that it was then opposite the Tulane University grounds, (more than 575 feet away), so that, if it had not been coming at an extraordinary speed, far in excess of the legal limit of 20 miles an hour, she would have had ample time to cross; that when it struck her she was about to step from the roadway onto the sidewalk.

The marks left upon the surface of the roadway by the hind wheels of the automobile, where they scraped the asphalt from the time they were locked and made rigid by the brake having been put on, showed that the automobile was coming on the neutral ground side of the roadway, and that when it got to a point about 25 or 30 feet from where it finally came to a full stop it sheered to the right from alongside the neutral ground and went diagonally across the roadway to the sidewalk. It went upon the sidewalk, all except the left hind wheel, and bumped there into a telegraph pole. Plaintiff was not struck by the front part of the car, but by the side of it, and doubtless a glancing blow. The car belonged to the defendant company, and was being driven by Mr. G. E. Demack, the president of the company, who, by supplemental petition, has been made a codefendant. Mr. W. S. Rogers, the treasurer-secretary of the company, was beside Mr. Demack on the front seat.

These two agree in saying that they were coming along, hugging the neutral ground, at a speed of 18 to 20 miles an hour, when they saw the plaintiff upon the neutral ground, about to start to cross the roadway, about 25 to 30 feet ahead of them; that Mr. Demack put on the brake and swerved sharply to the right towards the sidewalk, at the risk, says Mr. Demack, of killing themselves; that plaintiff kept right on; and that after the collision they found her lying face down on the pavement towards the middle

of the street, a little to the rear of the left hind wheel of the car. This statement accords perfectly with the marks left upon the surface of the street by the wheels of the car, and with all the other circumstances of the case.

No matter how fast the automobile was coming, if it had been as far as plaintiff says it was (or anything like it) when plaintiff started to cross the roadway, there would have been time enough for her to have progressed sufficiently into the street to have left space to pass back of her, or, at any rate, to have afforded a better chance of avoiding her by swerving to the left, towards the neutral ground, and upon it, if necessary, than by swerving, as the car did, to the right towards the sidewalk. The opening back of her was increasing all the time as she progressed, whereas that in front was diminishing. Especially is this true in view of the fact that plaintiff was active in her movements and a fast walker. She must have been moving briskly, as otherwise Mr. Demack, a driver of long experience, would not have found it necessary to keep on turning more and more to the right as he did in order to avoid her, and finally run upon the sidewalk.

If she had been about to step from the roadway onto the sidewalk, as she says she was, when the automobile struck her, it would not have been necessary for the automobile to swerve to the right at all, as it did, when it got to within 25 or 30 feet of the line she was following; there would have been ample space back of her to pass.

Her statements that she did not have to run at all because the automobile was not "anywhere near her," and that she did not hear the horn blow, and did not suppose she was in any danger until she was actually struck, show that she could not have been paying any attention.

The bump against the telegraph pole was so violent that the wood was considerably bruised and splintered, and Mr. Rogers, a heavy man, was pitched clear through the glass windshield; from this, and from the fact that the automobile dragged some 25 or 30 feet after the brake had locked the hind wheels, part of this distance on the sidewalk, plaintiff's learned counsel seek to deduce that the automobile must have been going at a tremendous rate, very far beyond the regulation limit, when the brake was put on. The positive testimony of the two occupants of the car, both of them experienced drivers, and one of whom had just a moment before observed the gauge, is to the contrary; but, granting that the car was negligent in its speed, still plaintiff cannot recover, for, whatever her own impressions may be on the subject, she, too, was negligent. The jury viewed the locality, and decided against plaintiff.

Judgment affirmed.

MONROE, C. J., takes no part, not having heard the argument.

O'NIELL, J., dissents.