LAND, J.
Plaintiff, the widow of Paul J. Collier, sues to recover the sum of $15,750 as damages for his death, occasioned by injuries received by him when run over by an auto truck driven by Sam Mitchell, alleged to be an employee of defendants.
The accident occurred between 5 and 6 o’clock in the afternoon of May 28, 1918, at the corner of Desaird and Sixth streets, in the city of Monroe, La. Deceased was waiting at this corner for the approach of a street car, going east on Desaird street, with the intention of boarding this car and arriving at the Iron Mountain depot to catch a train.
The street ear was coming from the west, and, at the same time, the auto truck was approaching from the same direction, on the south, or right-hand side of Desaird street. The truck was ahead of the car. Plaintiff’s witnesses estimate the speed of this truck at from 12 to 15 miles an hour; while the driver of the truck testifies that he was going between 9 and 10 miles an hour. The testimony of four of defendants’ witnesses is that the speed of this truck was not excessive. Plaintiff’s four witnesses heard no horn signal. The driver of the truck states that he blew his horn twice before reaching the corner where the accident occurred, and three of defendants’ witnesses testify to hearing this signal, at least once.
There were no other automobiles or vehicles on the south side of Desaird street in this block at the time, and there was nothing to obstruct the view westward from the corner at which Collier was waiting for the ear. Witnesses who were in places of business immediately north and south of the Desaird street corner, and near the scene of the accident, heard the gong of the approaching street car, and it is inconceivable that the deceased should have failed to have noticed this signal. He was there at this corner expecting .the ai>rival of this car, and naturally should have watched for its approach. Had he looked westward in the direction of the oncoming street car, he would have necessarily seen the truck in the street ahead of it. However, deceased, as shown by the testimony, not only of defendants’ witnesses, but of plaintiff’s own witnesses, stepped off the sidewalk into the street immediately in front of the triick, as the street car was slowing down at the corner to take on passengers. In fact, one of plaintiff’s witnesses testifies that deceased stepped from the sidewalk into the street, and back onto the sidewalk, in order to avoid the truck, and then made a second attempt to cross in front of the truck to the car, when he was run over and killed.
We can explain this fatal conduct of deceased only on the theory that he was so intent upon catching this particular car, for fear of missing his train at the Iron Mountain depot,; that he heedlessly rushed into danger.
 The testimony is clear that the driver of the truck was powerless to avert the accident, when deceased stepped suddenly in front of the machine from the sidewalk, a place of safety. Nor could the driver of the truck reasonably anticipate an act of such rashness, in broad daylight, and with an unobstructed view of the approaching car and truck, each giving its signal as a warning. Several witnesses testify that deceased was not looking in the direction of the street car or truck as it approached, but in a different direction, as he carelessly stepped into the street from the sidewalk. Even if the driver of the truck had been guilty of negligence, the contributory negligence of deceased was clearly the proximate cause of his untimely death. Placing himself, as deceased did, unexpectedly in front of the truck, its driver was deprived of the last clear chance of preventing the collision.
As we appreciate the facts and circum *639 stances of this case, we conclude that the judgment rendered below in favor of plaintiff is erroneous.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that plaintiff’s demand be rejected, and her suit dismissed at her cost. v