## MONROE v. EAGER

———

(January 5, 1931.  Opinion and Decree.)
(February 2, 1931.  Rehearing Refused.)
(March 30, 1931.  Writs of Certiorari and
Review Refused by Supreme Court.)

———

Jas. G. Schillin, of New Orleans, attorney for plaintiff, appellee.

Spearing, McConnell & McClendon, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. .On the night before Mardi Gras in the year 1929 plaintiff received injuries as the result of being struck and knocked down by an automobile owned and occupied by defendant.  The negligence charged is that the automobile was being operated at a speed greater than was reasonable under the circumstances, and that the driver thereof, a young friend of defendant, was not keeping a proper lookout ahead.

Defendant contends that the driver of her car was not negligent either in the matter of speed or in the matter of keeping a proper lookout, and, in the alternative, avers that, if there was any negligence in either particular above referred to, such was not the proximate cause of the accident, but that such proximate cause was the contributory negligence of the plaintiff, who stepped into the path of the approaching automobile without looking and after there was no longer any opportunity for the driver thereof to avoid striking him.

The evidence shows that the automobile driven by the young friend of defendant and occupied by her and other friends and relatives was on its way downtown, so that the occupants might arrive at a spot convenient to view the Proteus parade, that at some street near Louisiana avenue traffic was diverted from St. Charles avenue to Prytania street, and that the automobile of defendant thus turned from St. Charles avenue, proceeded over to Prytania street, and was on its way down that street.  In front of it and following it were numerous other automobiles. When it reached a point near the lower side of Third street, the collision occurred.  Plaintiff had been walking on Third street from Coliseum street towards St. Charles avenue for the purpose of taking his stand along the route of the Proteus parade, so that he might view it.  Apparently he had stepped from the sidewalk into Prytania street, and, with quite a number

of other persons, was waiting for a sufficient break in the traffic to permit of crossing that street from the river side, on which he was standing, to the lake side. Believing that a sufficient break had occurred, he stepped into the line of traffic, but was immediately hit by defendant's car.

We find that no question of law is involved, and that the first question presented for determination is whether or not plaintiff himself was negligent, and, if so, whether or not there was opportunity, after his negligence had lost its active effect, for defendant's car to avoid him, because, if he was negligent and if defendant's car could not avoid him, then his own carelessness would prevent his recovery, even if there was negligence in the driver of the car.

In spite of the finding of the trial judge in favor of plaintiff, we have reached the conclusion that plaintiff's own negligence bars his recovery. It is very evident that the automobile was proceeding slowly and was only one of numerous cars, each of which was very close to the one in front of it. In this situation there was no opportunity for defendant's car to avoid striking plaintiff when he stepped in front of it.

The statement of the driver that he did not see plaintiff until he was struck should be read in connection with his other statements, which lead to the view that what he intended to say was that he noticed a large crowd of persons waiting to cross, but he paid no particular attention to plaintiff, who, from this crowd of persons, stepped suddenly in front of the automobile. We find no negligence in the driver of defendant's car, but that there was negligence chargeable to plaintiff himself.

The judgment appealed from is reversed, and plaintiff's suit is dismissed at his cost.