## CHARLES v. SULLIVANT et al.
### No. 14874.

Court of Appeal of Louisiana. Orleans.
March 18, 1935.

Solomon S. Goldman, of New Orleans, for appellant.

Spearing & McClendon, of New Orleans, for appellees.

WESTERFIELD, Judge.

On November 12, 1931, at about 8 A. M., Lizzie Charles, colored, was injured in the intersection of Ursuline and Royal streets by coming in contact with an automobile owned and at the time of the accident driven by Miss Willes Sullivant. She brought this suit against Miss Sullivant and her insurance carrier, the United States Fidelity & Guaranty Company, in solido, claiming damages in the sum of $6,025 for physical injuries which she alleged resulted from the accident, which she claimed was caused by the negligent operation of the automobile.

From a judgment dismissing plaintiff's suit, she has appealed.

On the morning of the accident, plaintiff, accompanied by two friends, was walking along Ursuline street on her way to work. Just before she reached the intersection of Royal street she increased her pace, and, leaving her two friends behind, hurriedly started across the intersection. There was a street car on Royal street which had been stopped just short of the intersection. Plaintiff claims that the motorman signaled to her to cross, and that she continued on her way and that, when she had reached the far side of the street car, the Sullivant automobile emerged from a narrow passageway between the street car and the curb, and struck and injured her.

The charges of negligence imputed to Miss Sullivant are "that she passed the standing street car at a rapid rate of speed, in excess of 25 miles an hour," whereas she should have proceeded at a slower speed, in conformity with article 1, section 10, of Ordinance No. 7490, C. C. S., and that she was further negligent in failing to sound her horn before passing the street car, and in failing to have her car under proper control.

Royal street, at the point of the accident, is 22 feet 4 inches wide from curb to curb. It is a one-way street with a street car track in the center, and 8½ feet clearance on each side of the track. Miss Sullivant had been driving behind the street car, which stopped at Ursuline street. Desiring to get ahead of the street car, she drove to the left and through the narrow space on that side of the car. When she reached the front end of the car the plaintiff appeared directly in her path. There is nothing in the record to justify the conclusion that there was any opportunity for Miss Sullivant to have avoided striking the plaintiff after Miss Sullivant became aware of her presence in front of her car. Consequently, if plaintiff is to recover, it must be upon other grounds.

The provision of the traffic ordinance, which is introduced in evidence, prohibits vehicles passing stationary street cars except on certain enumerated streets and avenues and on all one-way streets, and requires that on the excepted streets "the speed of the vehicle shall be reduced." Miss Sullivant, when asked how fast she was going at the time she struck plaintiff, replied that she could not be going very fast, "I have no idea; possibly seventeen to eighteen miles; I don't know." In our opinion her estimate of her speed was excessive because she had stopped her automobile just behind the street car and had

only traversed the length of the car before striking plaintiff. It seems improbable that she could have reached a speed of 17 or 18 miles per hour in that short distance. As a matter of fact, we doubt very much whether the provision of the traffic ordinance, requiring the reduction of speed, would apply to vehicles which pass street cars after having stopped alongside, for the reason that, in order to move, a stationary object must acquire momentum. Starting from a standstill beside a street car, it is obviously necessary for an automobile to get in motion in order to pass beyond it. However, taking Miss Sullivant at her word, and finding, also, that she did not blow her horn to give warning of her approach to pedestrians who might possibly cross from behind the parked street car, perhaps it may be said that, upon general principles, considering the obstruction to her view, Miss Sullivant, in the exercise of such care as the prevailing conditions required, should have proceeded more cautiously and given warning of her approach. In short, assuming, without deciding, that Miss Sullivant was negligent in these particulars, we are convinced that the plaintiff must fail to recover because of her contributory negligence, in that she failed to look in the direction of Miss Sullivant's car before undertaking to cross its path from behind the parked street car. It is true that the street car obstructed plaintiff's view until she had reached a point immediately in front of it, but we cannot agree with her counsel in saying that she was not under any obligation to look in the direction of the Sullivant car, particularly since Royal street was a one-way street under the traffic ordinance. She should have looked to her left, for that was the direction from which vehicles were permitted to move on that street. The street car was not moving, and the plaintiff was under no apprehension that it might do so before she could cross. On the contrary, she states that the motorman signaled for her to cross, a circumstance which gave assurance of her safety in so far as the street car's movement was concerned. It is true that the field of vision of a pedestrian situated as Lizzie Charles was, in front of a parked street car, would be necessarily limited, but it was not entirely circumscribed, and, if she had looked, she could have seen the approaching automobile. She left her position of safety and entered the path of danger without taking the necessary precaution. Those cases which hold that where a pedestrian leaves a place of safety and enters the street or roadway without looking in the direction from which traffic might be expected to come, are applicable here. Folwell v. Demack Motor Car Co., 144 La. 783, 81 So. 313; Monroe v. Eager, 16 La. App. 540, 131 So. 719; Collier v. Frank Varino & Co. et al., 153 La. 636, 96 So. 500; Hayes v. Gunter Bros. Lumber Co. et al., 14 La. App. 402, 129 So. 401.

It is said that the plaintiff could not have looked toward the Sullivant car, considering the narrow lane through which it was passing, without endangering her safety. In the words of the Supreme Court of Louisiana in Barnhill v. Texas & Pac. Ry. Co., 109 La. 43, 33 So. 63, 65, "It was Barnhill's [Lizzie Charles'] duty to have peered around its side [box car there, street car here] cautiously before venturing on to the main track [path of automobile here.]"

In the Barnhill Case, the defendant railway company's employees were found guilty of negligence, in that a freight train in their charge was operated at an excessive speed through an incorporated village; but the plaintiff, who brought the suit for the negligent killing of her husband, was denied recovery because of the contributory negligence of the deceased, who had walked upon the railroad track from behind a parked box car without looking in the direction of the approaching train. The court in that case said:

"If the box car upon the switch was in close proximity to the crossing, it was Barnhill's duty to have peered around its side cautiously before venturing onto the main track. Had he done this there was nothing to have prevented his observing the approaching train.

"To have stepped suddenly from behind a box car on the main track was the height of imprudence. Beach, Contrib. Neg. pp. 192, 193. A plaintiff who has contributed, proximately, to an injury cannot recover even if he succeeds in proving fault on part of another. Schwartz v. Railroad Co., 30 La. Ann. 15 [and numerous other authorities there cited]."

In the instant case, plaintiff could have peered around the side of the street car before crossing the roadway, and her failure to do so was negligence which must prevent her recovery, regardless of the negligence of defendant. If the defendant in this case had passed a standing street car on a street where such action is prohibited by the municipal ordinance, a different case would have been presented because then a pedestrian would have been justified in assuming that the motorist would obey the law and could

not be held negligent for failure to anticipate its violation.

In our opinion, Lizzie Charles, for one reason or another, probably because she was in a hurry to get to her work, rushed across the intersection heedlessly and carelessly after having been given the signal of the motorman on the standing street car. Under the circumstances, she cannot recover.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.