HAWTHORNE, Justice.
 

 This suit was instituted by Sidney L. Hebert to recover damages for personal injuries sustained as a result of his being struck by an automobile driven by defendant, Christian Meibaum.
 

 The district court rendered judgment against defendant and his insurer, United States Casualty Company, and in favor of plaintiff in the sum of $7958.94. On appeal to the Court of Appeal, Parish of Orleans, this judgment was amended by reducing the amount, awarded to plaintiff to $7310.14, and, as thus amended, was affirmed. 17 So.2d 750. A rehearing was granted by the Court of Appeal, and on rehearing the original decree of that court was recalled and annulled, the judgment of the district court appealed from was reversed, and plaintiff’s suit dismissed at his costs. 19 So.2d 629.
 

 On application of Sidney L Hebert, plaintiff, this court granted a writ of certiorari, and' the matter is now before us for review under our supervisory jurisdiction.
 

 The Court of Appeal has discussed and analyzed exhaustively the testimony of the various witnesses to the accident, both in its original opinion (17 So.2d 750) and on rehearing (19 So.2d 629). We do not intend, therefore, to discuss in- detail- the tes
 
 *159
 
 timony of these witnesses, but shall simply set forth the facts as we have found them after a careful reading and study of the record.
 

 In the early afternoon of August 5, 1940, plaintiff, Sidney L. Hebert, aged 54, was a passenger in an automobile driven by James E. Curran, proceeding out Napoleon Avenue in the City of New Orleans. Upon arriving at the intersection of this street and Freret Street, the car turned left into Freret Street uptown, in the direction of Carrollton Avenue. Just as Curran’s car entered the intersection of Freret Street, plaintiff observed an automobile proceeding along Freret Street downtown, or in the direction of Napoleon Avenue, driven by Richard Burch, district manager of the H. G. Hill Stores, Inc., by which company plaintiff was also employed. The occupants of Curran’s car signaled to Burch to stop, whereupon Burch parked his car parallel to the curb on the river, or St. Charles Avenue, side of Freret Street, facing the intersection of Napoleon Avenue. The car driven by Curran also came to a stop, parked parallel to the lake, or Claiborne Avenue, side of Freret Street, headed uptown, or in the direction of Carrollton Avenue. The Burch automobile was parked approximately nine feet from the pedestrial lane crossing Freret Street at the intersection of Napoleon Avenue, and the Curran car was almost directly opposite but about two feet farther uptown.
 

 After both cars were parked in the positions and places as above set forth, plaintiff and Curran got out of their car and proceeded across Freret Street to the Burch car and engaged Burch in conversation. Burch remained seated under the driver’s wheel in his car. Hebert stood in the street, facing uptown, with his left foot on the left running board of Burch’s car, and Curran stood in the street, facing downtown, with his right foot on the same running board.
 

 The record does not contain a plat of the immediate scene of the accident, which occurred on Freret Street near the intersection of Napoleon Avenue. However, from the testimony in the record, it appears that Freret Street is a two-way thoroughfare, 34 feet in width, with two-streetcar tracks thereon, one for streetcars proceeding downtown and the other for streetcars proceeding uptown. These tracks are each five feet, six inches, wide, with a five-foot space between them. The riverside rail of the downtown track is nine feet from the riverside curb, and there is the same distance between the lakeside rail of the uptown track and the lakeside curb. There was a space of four feet between the parked Burch car and the riverside rail of the downtown track, and in this space plaintiff Hebert and Curran were standing while talking with Burch, who was seated in his automobile, just prior to the time when plaintiff was struck by the Meibaum car.
 

 After Hebert, Curran, and Burch had. talked for approximately 10 minutes, Hebert left the side of the Burch automobile and started, in a slightly diagonal direction, across Freret Street toward the lake side, with the intention of passing to the rear of the Curran car and resum
 
 *161
 
 ing his seat on the right-hand side thereof. He was struck by an automobile being driven downtown, or toward Napoleon Avenue, by the defendant Meibaum, and as a result thereof sustained serious and painful injuries.
 

 Plaintiff was knocked to the pavement, with his head in the direction of Napoleon Avenue. Defendant’s car came to a complete stop in a distance of two feet, with the bumper extending over Hebert’s legs. However, the wheels of the car did not roll over his body.
 

 Curran, who had remained standing beside Burch’s car, was attracted to the approaching automobile by the screeching sound of the brakes’ being applied, and, thus attracted, he turned and looked in the direction of the approaching automobile, which was at that time a distance of about 10 feet from the plaintiff. Curran immediately called to Hebert to “watch out,” and he himself jumped onto the left running board of the parked Burch car, which action was, he stated, for self-preservation, or, in other words, to avoid the possibility of being struck. Burch did not see plaintiff in the act of crossing the street, and did not see the Meibaum car prior to the time it struck plaintiff because he was sitting in his automobile facing Napoleon Avenue, or downtown, and defendant’s car had approached from his rear.
 

 Just prior to the accident, defendant, Christian Meibaum, was proceeding down Freret Street in the direction of Napoleon Avenue at a speed of 15 miles per hour at the time he passed ’the intersection of Freret and Jena streets, one block above Napoleon Avenue. At that time he saw and observed the parked Burch car with Curran and Hebert standing beside it. He continued to observe these two parties, and, as he approached the parked car, the right wheels of his car were very near the riverside rail of the downtown car track. He observed the traffic light at the intersection of Freret Street and Napoleon Avenue changing to red for traffic on Freret Street, and, when he reached about the middle of the block, he reduced his speed to approximately 10 miles per hour so as to stop at the Napoleon Avenue intersection.
 

 Plaintiff contends that, after leaving the Burch car, he walked a distance of 12 or 14 feet in a slightly diagonal direction across Freret Street, with his back partially turned to the approaching car; that he was struck by the left side of Meibaum’s car, which, he contends, was then in the area between the two sets of car tracks, nearer to the lakeside, or uptown, car track, and that he fell to the pavement between the two tracks.
 

 Under this contention, plaintiff relies on the doctrine of last clear chance against the defendant, urging that he, plaintiff, was walking across a public street, exposing himself to the perils thereof, unmindful of his danger, and that the defendant should have seen him long before he did, and should and could, by stopping his car or swerving to the right or the left, have avoided the accident.
 

 On the other hand, defendant contends that Hebert was only some six or seven
 
 *163
 
 feet from the parked Burch car at the time he was struck, that he was struck and knocked down between the rails of the downtown car track, and that he was struck by the left side of the car.
 

 Under this contention, defendant avers that the sole and proximate cause of the accident was the plaintiff’s negligence in suddenly, and without any indication of his intention to do so, walking in front of defendant’s car at a time when the car was so close that it was impossible for defendant, under the existing facts and circumstances, to have avoided the accident, and that therefore he, defendant, was free from all negligence.
 

 Just prior to the accident, plaintiff Hebert was standing beside the parked Burch car, looking up Freret Street ,in the direction of the approaching Meibaum automobile. He testified that, before starting to cross the street, he observed the approaching car driven by defendant, which, he says, was proceeding at a speed of approximately 40 miles per hour and was at that time a distance of 100 feet from the place where he was standing; that thereafter he glanced at the traffic light at the intersection of Napoleon Avenue and Freret Street and noticed that it Was changing from green to amber prior to turning red; that, thinking that he had time to cross the street in safety, he started across Freret Street in a slightly diagonal direction, partially facing Napoleon Avenue; that at no other time did he see or observe the approaching car until the instant before he was . struck; that, as he -heard the screeching of the brakes, he threw out his left hand, which hit the left front headlight just inside the left fender of the Meibaum car.
 

 Under plaintiff’s version of the accident, it is obvious that he was guilty of negligence in that he started to cross the street in the path of an automobile 100 feet away, approaching at a speed of 40 miles per hour, and, after observing the traffic light changing from green to amber, he failed at any time thereafter to look in the direction of the approaching car until immediately before he was struck. Folwell v. Demack Motor Car Co. et al., 144 La.
 
 783,
 
 81 So. 313; Roder v. Legendre et al., 147 La. 295, 84 So. 787; Vance v. Poree, 5 La.App. 109; Bass v. Means et al., 12 La.App. 260, 124 So. 553; Neville v. Postal Telegraph Cable Co., 13 La.App. 76, 126 So. 720; Owens v. Tisdale, La.App., 153 So. 564.
 

 On the other hand, we conclude that the defendant herein was free from negligence in this unfortunate accident. Plaintiff’s own witness, Curran, testified that, at the time he first observed defendant’s car, being attracted thereto by the screeching of the brakes, it was at a distance of approximately 10 feet from plaintiff and was being driven along the rails of the downtown car track (in the proper traffic lane), with the right wheels near the riverside rail thereof, and that at this time plaintiff had walked some six or seven feet from the place where he had been standing with Curran near the side of the parked Burch car. That the approaching automobile was in its proper traffic lane in the area above described, and
 
 *165
 
 not ,in the center of the street, to us is conclusively shown by the fact that, just prior to' the car’s striking plaintiff, the witness Curran called to Hebert to “watch out,” and he himself jumped onto the left running board of Burch’s car for, as he stated, “self-preservation.” Curran’s fear for his own safety can be explained only by the fact that Meibaum’s car was very near where he was standing and consequently in its proper traffic lane.
 

 As pointed out hereinabove, the distance between the parked Burch car and the riverside rail of the downtown streetcar track was about four feet. It therefore follows that, if Hebert walked a distance of six or seven feet, as testified by his own witness, he had to be, and we. find that he was, between the rails of the downtown car track, nearer the lakeside rail thereof, at the time he was struck.
 

 As defendant drove down Freret Street in the proper lane ■ for downtown traffic, reducing his speed from IS to 10 miles per hour, he saw and observed plaintiff and Curran standing beside the parked automobile in a position of safety. He continued to see and observe these parties, and there was nothing in their manner or movements to indicate that either one of them had any intention of crossing the street in the path of his approaching automobile. And it was only when his car reached a point near the rear of Burch’s automobile that plaintiff, suddenly and without warning, stepped into the traffic lane in which he was proceeding, directly into the path of the automobile. Under these circumstances defendant could not have avoided the accident.
 

 On the other hand, plaintiff contends that he walked a distance of 12 or 14 feet in a slightly diagonal direction across Freret Street, and in this estimate of the distance which he walked we think he is honestly mistaken. For, even if we concede the fact that he walked in a slightly diagonal course, if he had actually covered this distance, he would have been near or beyond the center of the street and therefore not in the path of Meibaum’s car, which, we have found, was in its proper traffic lane proceeding along the downtown car-track.
 

 To us, the evidence clearly establishes that, at the time plaintiff stepped into the path of the approaching automobile, the car was very nearly even with the rear of the parked Burch automobile, and that, if defendant had attempted to swerve to-the right, he would have crashed into the parked car, possibly severely injuring Cur-ran, who was standing beside.it, and that, if he had swerved to the left, he could not have avoided striking plaintiff, for in so doing he would have been following the same course along which plaintiff was proceeding.
 

 Under these circumstances, there was only one course left to defendant, that is, to stop his car so as to avoid striking plaintiff. That he made every effort to do so is conclusively shown by the fact that he actually did stop his car within a distance of two feet after plaintiff was struck.
 

 Hebert left a place of safety beside the parked Burch car and started across the street at a time when defendant’s car was so close to him that it could not be stopped
 
 *167
 
 in time to avoid the accident though every effort was made by defendant to do so. Defendant could not reasonably be expected to anticipate the action of plaintiff, although he was keeping a proper lookout and saw and observed plaintiff as his car approached the scene of the accident. We therefore conclude that plaintiff’s own negligence was the sole and proximate cause of the accident, and that defendant was free from any negligence.
 

 Since we have concluded that the defendant was free from negligence, it naturally follows that there is no application here for the doctrine of last clear chance.
 

 For the reasons assigned, the judgment of the Court of Appeal rendered on rehearing is affirmed; plaintiff to pay all costs. :
 

 O’NIELL, C. J., does not take part.