SARTAIN, Judge.
This litigation is concerned with a pedestrian-automobile accident in which the plaintiff, Robert Butler, was struck by a vehicle driven by Eugene Limar and insured by State Farm Mutual Automobile Co.
This collision occurred on Saturday, April 25, 1970, at approximately 7:35 p. m. on Scenic Highway in Baton Rouge. The point of collision was placed by Trooper L. B. Millet of Troop A of the Louisiana State Police at approximately twenty-eight feet north of the intersection of that highway and Stilt Street. In that vicinity, Scenic Highway is four lanes in width, two each running north and south, and is illuminated by continuous street lighting. On this particular evening, the roadway was dry and unobstructed.
The evidence establishes that Butler, age twenty-seven, had, for approximately an hour prior to the accident, been drinking wine with a friend at a location several blocks from his mother’s home. Shortly before the accident, he left for that destination to change his clothes before going out for the evening. To reach his mother’s house, he was required to cross Scenic Highway from east to west.
Eugene Limar, who had just finished dinner at his mother’s home, was proceeding in a northerly direction on Scenic Highway to the apartment of a friend at the approximate speed of 35 m. p. h. He was traveling in the inside, north bound lane, was alone in the car, and, according to his testimony, was immediately behind a blue pickup truck. He stated that he first saw Butler when he was approximately ten feet to the front and right of his vehicle and that this recognition took place when the blue truck in front of him swerved to the left to avoid hitting Butler.
Limar further testified that, at that moment, Butler was at the approximate point of the center line dividing the two north bound lanes and that he was in motion in such a way as to indicate that he was confused; further, that Butler momentarily headed away from the path of his vehicle (or in an easterly direction) and that he then walked directly into Limar’s auto, despite that driver’s attempts to avoid Butler by swerving to the left.
At page 83 of the transcript, Limar gave this account of the accident:
“A. The truck swerved across the double yellow line into the left-hand lane of southbound traffic to avoid hitting the pedestrian. The pedestrian then seemed to be at a point of confusion; he attempted to run back to the sidewalk and changed his mind and ran back toward the middle of Scenic Highway. He was running in the path of my vehicle, so I followed the same pattern as the blue truck in front of me. Unfortunately the pedestrian caught up with my car, and you could almost say he ran into my car at an angle. I hit him, sort of like a southwesterly direction.
“Q Now what part of his car, of your car hit the pedestrian ?
“A The right front fender, and the pedestrian’s elbow hit into my windshield, broke the antenna of my car and I believe some part of his body, I’m not sure what part, put a small dent in the right door toward the front part of the door.”
The driver of the blue truck did not stop.
The plaintiff’s case is based upon the proposition that, in attempting to cross *254 Scenic Highway, he was able to reach the double yellow lines dividing the north bound and south bound lanes and that, while standing on those yellow lines, he was struck by the unobservant Limar as he (Limar) attempted to pass the blue truck in a maneuver which carried the Limar auto across the yellow lines into the inside, south bound lane, thus striking Butler as he did so, causing the plaintiff serious injury. The plaintiff also invokes here the doctrine of last clear chance, urging its applicability to the defendant driver.
The trial judge rendered judgment for the defendant without written reasons and dismissed the plaintiff’s suit. We affirm that judgment.
Trooper Millet stated that when he arrived at the scene, Limar’s vehicle was still positioned in the inside north bound lane where it had stopped immediately after hitting Butler and that he determined from the location of the auto and the debris on the street, the exact nature of which he could not recall, that the point of impact was near the center line between the two north bound lanes of travel. These physical facts, taken in conjunction with the damage caused to the right front fender of Limar’s vehicle, that damage having been mainly in the area from the right front wheel housing to the windshield, supports the testimony of the defendant to the effect that plaintiff was not located on the yellow, north-south dividing lines prior to being hit. It seems plain that it would be virtually impossible for the impact to have taken place on that part of the defendant’s automobile with the plaintiff standing on the north-south dividing lines unless Li-mar’s entire automobile had not only crossed the yellow lines to some extent, but was completely traveling in the inside, south bound lane. The record compels a contrary conclusion.
We find that the evidence preponderates to the effect that the negligence of the plaintiff was the sole and proximate cause of this accident. Limar was operating his vehicle at a reasonable and moderate speed and he was observant of the events taking place before him. The physical evidence indicates that the plaintiff was struck near the dividing point for the two north bound lanes, exactly as Limar has related. The plaintiff’s efforts to discredit these statements and establish the primary negligence of Limar are restricted to the testimony of Butler, who had been drinking wine for some time prior to the accident and a discrepancy in the investigating officer’s report which he satisfactorily clarified at the trial. Neither of these is sufficient to establish negligence on the part of Limar and we are convinced on the record before us that Limar was without fault.
 The doctrine of last clear chance is, therefore, inapplicable as it is well settled that before this concept may be applied there must be negligence on the part of both parties. St. Amant v. Travelers Insurance Company, 233 So.2d 23 (La.App. 4th Cir. 1970); Connecticut Fire Ins. Co. v. Illinois Central R. Co., 212 So.2d 716 (La.App. 4th Cir. 1968). Insufficient proof having been made of the defendant’s negligence, the rules pertaining to last clear chance are inapposite. Hebert v. Meibaum, 209 La. 156, 24 So.2d 297 (1945).
The judgment of the district court is, therefore, affirmed, all costs of this appeal to be paid by the appellant.
Affirmed.