CHIASSON, Judge.
These consolidated suits arise from a head-on collision involving two cars on U. S. Highway 190 near Covington, Louisiana. Lennard Parr driving a 1966 Ford Mustang was killed in the accident while Jake Vicari, Jr. driver of the 1967 Chevrolet Super Sport along with his two sisters were injured.
On the morning of April 15, 1977, Len-nard Parr was on his way to Covington High School with Mark Penton, a high school friend. The Parr vehicle was proceeding in a northerly direction on U.S. 190 as it approached the entrance of River Forest Subdivision. Vicari was proceeding in a southerly direction towards the City of Cov-ington on U.S. 190 transporting his sisters to school. The collision occurred about 8:15 in the morning on the shoulder of the northbound lane of traffic.
Parr’s parents, Elizabeth and Lawrence Parr, Jr., filed suit against Jake Vicari, Sr., individually and as administrator and natural tutor of his son, Jake Vicari, Jr.; Highland Insurance Company, Vicari’s liability insurer; and United States Fidelity and Guaranty Company (USF&G), the Parr’s uninsured motorist carrier. Vicari reconvened against the Parrs and the two insurance companies for his son’s injuries and for his property damages. Aetna Insurance Company intervened in the matter as the workmen’s compensation carrier for Jake’s Body Shop, which had paid the medical bills incurred by Jake Vicari, Jr.
Vicari next filed a separate suit for the injuries sustained by his daughters against USF&G, the liability insurer of Lawrence Parr; Highland Insurance Company, Vica-ri’s uninsured motorist carrier; and Lawrence Parr, individually and as administra *1158 tor of the estate of his son, Lennard Parr. The two suits were consolidated for trial.
The trial court found that the collision occurred in the lane of traffic occupied by the Parr vehicle. It recognized the presumption of negligence that exists when an accident occurs in the other party’s lane of traffic. From the testimony of the witnesses and a photograph taken after the accident the court determined that the presumption of negligence was rebutted and held that the sole cause of the accident was the negligence of Lennard Parr. It dismissed the suit of Elizabeth and Lawrence Parr and granted the reconventional demand of Jake Vicari, Sr. in the amount of $4,000 and assessed court costs against the Parrs and USF&G. In addition, the court granted relief to Jake Vicari, Sr. as administrator of the estate of Mary Vicari, in the amount of $3,454.00. The intervention of Aetna was recognized in the stipulated amount of $3,496.00 against Parr and USF&G.
The Parrs appealed the decision contending the trial court abused its discretion in finding that the collision resulted solely from the negligence of Lennard Parr. They submit that the court disregarded and misconstrued the evidence and failed to apply the appropriate law.
Three victims of the collision testified as well as two school bus drivers, one of whom was behind each of the respective cars.
Vicari testified that the Parr vehicle was completely in his lane of travel. He veered into the northbound lane and headed for the ditch to avoid the oncoming vehicle. Mary Vicari only remembered shouting “Watch out” upon seeing the Parr vehicle in their lane of travel.
Mark Penton, the passenger in the Parr vehicle, was not paying attention to the actions of Parr until he noticed the Vicari car in their lane of traffic right before impact.
Ray Taylor was the school bus driver who was three to four blocks behind the Parr vehicle. He testified that he saw the Parr vehicle veer to the left and assumed that it was going to turn left into the River Forest Subdivision.
Mrs. Rose Sharp, the other bus driver, was behind the Vicari car. She stated that she did not see anything before the accident but only saw the two cars as they collided in the northbound lane.
The trial court construed this testimony with a photograph that was introduced into evidence by the plaintiffs which showed the skid marks left by the Parr vehicle. The marks were measured to be in excess of fifty feet. The court stated:
“It is noteworthy that at the point where the left front skid mark begins to show, the Parr vehicle is within a foot of the center-line. Some 18 feet back from that point the right rear wheel started to show skid marks. Between that point and the point where the left front tire began to skid there is a marked movement to the right. Thus, at the point where the right wheel began to show skid marks it is evident that the left side of the Parr vehicle had to be right at the center-line or over it, moving right. This would tend to buttress Vicari’s testimony. Under these circumstances the Court finds the accident to have been the sole result of negligence on the part of Parr. The circumstances justify Vicari being in the wrong lane of traffic and overcome the rebuttable presumption of negligence. Bailey v. National Surety Corp., 149 So.2d 669 (La.App. 1st Cir. 1963).”
The issue is purely credibility. The series of events leading to the actual impact are sketchy and somewhat in conflict. We find the decision of the trial court to be supported by credible evidence in the record and the decision is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). See also Foreman v. Kent, 336 So.2d 271 (La.App. 1st Cir. 1976).
Finally, the Parrs complain that the trial court failed to apply the doctrine of last clear chance.
In Mitchell v. Sigrest, 345 So.2d 141 (La. App. 1st Cir. 1977), we stated:
*1159 “It appears that last clear chance was developed by the jurisprudence of this state in order to temper the harsh effects of the doctrine of contributory negligence. See Rozas, The Last Clear Chance Doctrine in Louisiana — An Analysis and Critique (Comment), 27 La.L.Rev. 269 (1967). Thus, last clear chance does not come into play until the evidence shows negligence on the part of both the plaintiff and the defendant. Hebert v. Meibaum, 209 La. 156, 24 So.2d 297 (1945); Butter v. State Farm Mutual Automobile Insurance Co., 265 So.2d 252 (La.App. 1 Cir. 1972); St. Amant v. Travelers Insurance Company, 233 So.2d 23 (La.App. 4 Cir. 1970); Malone, Torts, 22 La.L.Rev. 338, 344 (1962).”
The doctrine is inapplicable in this case because Jake Vicari, Jr. was not negligent in any respect.
For these reasons the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.