EDWARDS, Judge.
This suit for damages arises out of an automobile collision which occurred at the intersection of North Park and North Hampton Streets in Baton Rouge, Louisiana. Plaintiffs are Rebecca Jenkins, driver of one of the two automobiles involved in the collision and her automobile insurer, Commercial Union Assurance Company *1142 (Commercial). Defendant is Dennis Dearie, operator of the other vehicle. Defendant was uninsured at the time of the accident.
Ms. Jenkins was reimbursed by Commercial for the damage to her car with the exception of the $100 deductible provided on the collision coverage in her policy. In addition to paying Ms. Jenkins $2,483.20 under the collision provisions of the policy, Commercial paid Willis Jenkins, Ms. Jenkins’ father and a guest passenger in her vehicle, $1,900.00 in settlement of the personal injuries which he sustained under the uninsured motorist coverage provided in the policy. Commercial then filed this suit in subrogation against defendant for the amount paid under the policy, and Ms. Jenkins, as a co-plaintiff, seeks recovery of the $100 deductible. Defendant answered the petition and reconvened for the damages to his automobile. The trial court rendered judgment in favor of plaintiffs, and defendant then perfected this devolutive appeal.
The accident in question happened on July 23, 1978, at approximately 6:00 p.m. The streets were wet at the time of the accident, due to a continuing drizzle and a heavier rain which had fallen previously in the day. At the time of the accident, Ms. Jenkins was driving in a westerly direction on North Hampton Street, which was the favored street at its intersection with North Park. Defendant, on the other hand, was proceeding in a southerly direction on North Park Street, which is controlled by a stop sign at its junction with North Hampton. Defendant’s brother was a passenger in his vehicle at the time.
When defendant approached the stop sign on North Park, he stopped at the intersection. Because of the rain and some bushes at the intersection, defendant and his brother were unable to determine if cars on North Hampton were approaching the intersection. Hence, defendant moved forward until he was partially in the intersection. According to defendant’s testimony, he then asked his brother if any vehicles were approaching from his side of the car. His brother responded that nothing was coming. When defendant turned to look out his side of the car, he was struck by the vehicle driven by Ms. Jenkins.
The testimony of Ms. Jenkins indicates that she applied her brakes and changed lanes in an attempt to avoid the accident. However, she was unable to evade defendant’s vehicle, and a collision ensued.
On appeal, defendant contends the trial court erred in failing to find that Ms. Jenkins was guilty of contributory negligence, in failing to find that Ms. Jenkins had the last clear chance to avoid the accident, and in rejecting his reconventional demand for the damage to his vehicle. Each of plaintiff’s specifications of error addresses itself to a factual finding of the trial court. Accordingly, our review is limited to a determination of whether or not the trial court was clearly wrong in its findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
In rendering judgment for plaintiffs, the trial court necessarily found that Ms. Jenkins was free from negligence and that defendant’s negligence was the sole cause of the accident. Defendant contends that the record shows that the trial court was clearly wrong in finding that Ms. Jenkins was not negligent. Defendant asserts that the evidence adduced at trial clearly indicates that Ms. Jenkins was negligent in failing to keep a proper lookout.
Our review of the record indicates that the trial court’s finding is not clearly wrong. Ms. Jenkins testified that her sight was somewhat impaired by the rain. She testified that as soon as she saw defendant’s vehicle move into the intersection, she applied her brakes and swerved in an attempt to avoid a collision. Notwithstanding her efforts, Ms. Jenkins was unable to avoid impact with defendant’s vehicle. Under these circumstances, we conclude that the trial court was correct in finding that Ms. Jenkins was free from negligence.
Defendant further contends that the trial court erred in failing to apply the doctrine of last clear chance and, therefore, allow him recovery on his reconventional demand. *1143 In light of our conclusion that the trial court was correct in finding Ms. Jenkins to be free from negligence, defendant’s final two specifications clearly lack merit.
It is well established that the doctrine of last clear chance does not become applicable until the evidence shows that both the plaintiff and the defendant were negligent. Hebert v. Meibaum, 209 La. 156, 24 So.2d 297 (1945); Parr v. Vicari, 400 So.2d 1157 (La.App. 1st Cir. 1981); Mitchell v. Sigrest, 345 So.2d 141 (La.App. 1st Cir. 1977). Since the evidence does not show that Ms. Jenkins was negligent in the instant case, the doctrine of last clear chance is inapplicable, and defendant’s reeonven-tional demand was properly dismissed.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant, Dennis Dearie.
AFFIRMED.